UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ANTHONY J. HANNON,

        Plaintiff,                Case No. 2:17-cv-33

v.                                         Honorable Gordon J. Quist

UNKNOWN BRINTLINGER, et al.,

        Defendants.
_____/

## **OPINION**

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants L. Rutter and Brent Travelbee. The Court will serve the complaint against Defendant Unknown Brintlinger.

**Discussion**

I.        Factual allegations

Plaintiff Anthony J. Hannon, a state prisoner currently confined at the Bellamy Creek Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Sergeant Unknown Brintlinger, Inspector L. Rutter, and Central Office STG Coordinator Brent Travelbee. Plaintiff alleges that on May 20, 2015, he was approached by Defendant Brintlinger, who stated that he thought Plaintiff was a Sunni Muslim. Plaintiff responded that he was a Sunni Muslim, and Defendant Brintlinger stated that prisoner Richardson had accused Plaintiff of being "#2 in charge of the East Coast" for the "Bloods." Plaintiff denied being in a gang, but Defendant Brintlinger stated that he did not believe Plaintiff. Defendant Brintlinger asked Plaintiff, "Why would [prisoner Richardson] lock up on protective custody saying that you tried to get him to carry out a hit on another prisoner?" Plaintiff replied that he did not know.

On August 3, 2015, Plaintiff received legal mail from Defendant Brintlinger, who asked Plaintiff about his mail. Plaintiff stated that he was suing some guards at another prison. Defendant Brintlinger became angry and stated that he was tired of prisoners always suing staff. Defendant Brintlinger asked Plaintiff what he was crying to the judge about, and Plaintiff told him that it was none of his business. Defendant Brintlinger looked at Plaintiff's mail and stated, "Oh, you got Greeley as your judge. I know him, I'll just ask him about your case." Plaintiff said he did not care and that it would change nothing. Defendant Brintlinger asked Plaintiff if he was still "hanging around gangbangers," and Plaintiff responded by asking if Defendant Brintlinger was angry about Plaintiff's lawsuit. Defendant Brintlinger told Plaintiff that he would not win anyway because prisoners always lose.

On August 24, 2015, Plaintiff was called into Assistant Resident Unit Supervisor Jill Denmen's office to sign a renunciation paper regarding membership in the Bloods. Plaintiff signed the paper, stating that he was not a member of the Bloods. On September 19, 2015, Defendant Brintlinger told Plaintiff that he was going to have Plaintiff placed on STG [security threat group] status, even if it meant that he would have to lie. Plaintiff asked Defendant Brintlinger why he was willing to do that, and Defendant Brintlinger replied that Plaintiff would think twice before he sued an officer again.

On September 24, 2015, Defendant Rutter filled out a CSJ-102 STG Member Identification form on Plaintiff, alleging that Plaintiff was a member of the Bloods. Plaintiff asked Defendant Rutter whether he was entitled to an administrative hearing before being placed on STG status, but Defendant Rutter told Plaintiff that all he needed was Defendant Brintlinger's findings. Plaintiff never received a Notice of Intent or a hearing. Defendant Travelbee placed Plaintiff on STG I status without checking to make sure that Plaintiff's rights had not been violated.

Plaintiff asserts that his classification as a member of a Security Threat Group violated his Fourteenth Amendment right to due process. In addition, Plaintiff claims that Defendant Brintlinger's conduct violated his First Amendment right to be free from retaliation. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Supreme Court has held that a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Rimmer-Bey v. Brown*, 62 F.3d 789,

790-91(6th Cir. 1995), the Sixth Circuit applied the *Sandin* test to the claim of a Michigan inmate that the mandatory language of the MDOC's regulations created a liberty interest that he receive notice and hearing before being placed in administrative segregation. The court held that regardless of the mandatory language of the prison regulations, the inmate did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and significant hardship within the context of his prison life. *Id; see also Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Without a protected liberty interest, plaintiff cannot successfully claim that his due process rights were violated because, "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).

Moreover, the Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim*, 461 U.S. at 245; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976). The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges. *See, e.g.*, *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that prisoner had no constitutional right to be held in a particular prison or security classification); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (same); *O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, at *1 (6th Cir. Mar. 22, 1993) (prisoner failed to state a due process or equal protection claim regarding his label as a "homosexual predator" because he did not have a constitutional right to a particular security level or place of confinement). Plaintiff's designation as a "Security Threat Group Member" is nothing more than a security classification used by the prison. Because Plaintiff does not have a constitutional right to a particular security level or classification, he fails to state a due process claim.

As noted above, Plaintiff claims that Defendant Brintlinger's conduct in filling out a CSJ-102 STG Member Identification form on Plaintiff was motivated by a desire to retaliate against Plaintiff for his conduct in filing a lawsuit on prison officials. The Court concludes that this claim is not clearly frivolous and may not be dismissed on initial review.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's due process claims against Defendants Brintlinger, Rutter and Travelbee will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Brintlinger with regard to Plaintiff's retaliation claim.

An Order consistent with this Opinion will be entered.


Dated: May 26, 2017  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE