UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY J. HANNON,

        Plaintiff,

Case No. 2:17-CV-33

v.

HON. GORDON J. QUIST

UNKNOWN BRINTLINGER, et al.,

        Defendants.
                                   /

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

On December 21, 2017, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court grant Defendant Brintlinger's motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. The magistrate judge recommended granting the motion because the only grievance Plaintiff submitted with regard to Defendant Brintlinger's alleged falsification of Security Threat Group documents was rejected as untimely at Step II, and that rejection was upheld at Step III. (ECF No. 11 at PageID.84.) The magistrate judge concluded that Plaintiff's failure to file a timely grievance pursuant to the Michigan Department of Corrections' policy constituted a failure to exhaust under *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007). The magistrate judge also rejected Plaintiff's argument that his rejected grievance satisfied the exhaustion requirement. (*Id.*)

Plaintiff has filed an Objection to the R & R, arguing that his failure to file a timely Step II appeal should be excused because "[p]risoners has [sic] no controll [sic] over when they receive mail from the MDOC, so if a grievance is late getting to a prisoner who was transfered [sic] to a

different prison these circumstances is beyond a prisoners [sic] control." (ECF No. 12 at PageID.87.)

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Defendant Brintlinger's motion for summary judgment should be granted.

First, to the extent Plaintiff continues to insist that a prisoner properly exhausts a grievance so long as he completes all steps of the grievance process, his argument lacks merit. As the magistrate judge properly concluded proper exhaustion requires compliance with the grievance policy's requirements, including timeliness. *See Vandiver v. Correctional Med. Servs., Inc.*, 326 F. App'x 885, 889 (6th Cir. 2009) ("Although plaintiff avers that the September 2005 grievance was an attempt to finally exhaust this claim against CMS, this misses the point that proper exhaustion still requires compliance with the grievance policy's critical procedures such as timeliness."). Second, Plaintiff's argument in his Objection seems to be that his failure to file a timely Step II appeal should be excused because of the prison's delay in getting Plaintiff's Step I response to him in a timely manner. However, Plaintiff failed to raise this argument before the magistrate judge in his response to Defendant Brintlinger's motion, and such failure constitutes a waiver of the argument. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Finally, even if the

argument was not waived, Plaintiff fails to support it with an affidavit or other evidence supporting his allegation of delay. In fact, other than a conclusory statement, Plaintiff offers no specifics to support his assertion that his delay was somehow the fault of prison officials.

Therefore,

**IT IS HEREBY ORDERED** that the December 21, 2017, Report and Recommendation (ECF No. 11) is **ADOPTED** as the Opinion of the Court, and Plaintiff's Objection (ECF No. 12) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust (ECF No. 7) is **GRANTED**, and Plaintiff's claim against Defendant Brintlinger is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

A separate judgment will enter.

This case is **concluded**.

Dated: March 2, 2018                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE